UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **1** of 3

| Case No. | CR 22-394-DMG | Date | January 6, 2023 |
|---|---|---|---|

| Present: The Honorable | DOLLY M. GEE, UNITED STATES DISTRICT JUDGE |
|---|---|
| Interpreter | N/A |

| Kane Tien | Not Reported | Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendant(s): | Present | Appt. | Ret. |
|---|---|---|---|---|---|---|---|
| Yasiel Puig Valdes | Not | | ✓ | Keri Curtis Axel | Not | | ✓ |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO FIND BREACH OF PLEA AGREEMENT [33]

     This action is before the Court on the Government's motion to find Defendant Yasiel Puig Valdes in breach of the plea agreement. [Doc. # 33.] The Government argues that Defendant breached the agreement by failing to plead guilty at his plea hearing on November 23, 2022 and accordingly seeks relief from its obligations under the agreement. *Id.* at 3.[1] The Court **GRANTS** the motion for the reasons set forth below.

## I.
## BACKGROUND

     On July 7, 2022, Defendant and his attorney signed a plea agreement in which Defendant agreed, among other things, to plead guilty to one count of making false statements in violation of 18 U.S.C. § 1001(a)(2). The alleged false statements occurred during a January 27, 2022 interview with Homeland Security and IRS agents and the U.S. Attorney's Office during an investigation into illegal sports gambling and money laundering. [Doc. # 6 at 9.] The Government agreed not to criminally prosecute Defendant for obstruction of justice, as well as to make certain recommendations at sentencing. *See id.* at 3.

     The plea agreement also contained the following provision regarding breach:

Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously

---

[1] Citations to the record are to the CM/ECF pagination.

entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

*Id.* at 15–16.  The Government signed and filed the plea agreement on August 29, 2022.  *Id.* at 18.  On August 29, 2022, Defendant was charged by information with one count of making false statements in violation of 18 U.S.C. § 1001(a)(2).  [Doc. # 1.]

Defendant was arraigned on November 15, 2022, and his plea hearing was scheduled for November 23, 2022.  [Doc. # 22.]  On November 23, the Court granted Defendant's request to continue the hearing to November 29, 2022.  [Doc. # 24.]  On November 28, the parties informed the Court that Defendant did not intend to enter a guilty plea, and the Court vacated the hearing.  [Doc. # 25.]  This motion followed.

Trial is currently scheduled to begin on February 14, 2023.  [Doc. # 32.]

## II.
## DISCUSSION

As noted, the Government moves the Court to find Defendant in breach, so that the Government is relieved from its obligations in the plea agreement.  In response to the Government's motion, Defendant argues there have not yet been any damages, so that the Government cannot meet the elements of a contractual breach, and any request for declaratory relief is not actionable or ripe for adjudication.  Opp. at 5 [Doc. # 45.]

"Because important due process rights are involved, plea negotiations must accord a defendant requisite fairness and be attended by adequate 'safeguards to insure the defendant what is reasonably due (in) the circumstances.'"  *United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir. 1981) (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

> [O]ne requisite safeguard of a defendant's rights is a judicial determination, based on adequate evidence, of a defendant's breach of a plea bargaining agreement.  The question of a defendant's breach is not an issue to be finally determined unilaterally by the government.  *United States v. Simmons*, 537 F.2d 1260, 1261-62 (4th Cir. 1976).  If the pleadings reveal a factual dispute on the issue of breach, the district court must hold a hearing to resolve the factual issues.  If the pleadings reveal no disputed factual issues, no hearing is necessary and the court may determine the issue of breach as a matter of law.
>
> We believe that constitutional principles of fairness also require that once the government acknowledges the existence of an agreement, the government has the burden of establishing a breach by the defendant if the agreement is to be considered unenforceable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES—GENERAL**

Page **3** of **3**

*Id.* (cited with approval in *United States v. Packwood*, 848 F.2d 1009, 1011 (9th Cir. 1988)).  The Government must establish a breach by a preponderance of the evidence.  *Packwood*, 848 F.2d at 1011.

Here, Defendant did not plead guilty, despite agreeing to do so as part of his plea, and accordingly breached the agreement.  The Government cannot unilaterally declare Defendant to have breached the plea agreement but must obtain a judicial finding of breach to be relieved of its obligations.  Until the Government is so relieved, it is bound by its obligation not to prosecute Defendant for obstruction of justice.  [*See* Doc. # 6 at 3.]  Defendant is therefore incorrect that "nothing is stopping the government from proceeding with the case, using the regular tools at its disposal to seek an indictment" for the additional charge. Opp. at 7.  Moreover, as the Government points out, it now faces the "additional time and resources that will be devoted to a trial in this matter" as a direct consequence of Defendant's breach.  Accordingly, the Court disagrees with Defendant's argument that any claim for breach of the plea agreement is not actionable due to a lack of damages or because the request for a finding of breach is not ripe.

Finally, Defendant argues that the Government failed to meet and confer with the defense prior to filing the motion, as required by Local Rule 7-3.  According to the Court's Criminal Motion and Trial Order, the parties' counsel must meet and confer to attempt to resolve the disputed issue before filing a motion.  [Doc. # 28 at 1.]  As long as there is substantial compliance with the "meet and confer" requirement, the Court generally does not require the Local Rule 7-3 certification in criminal motions.  The Government has filed under seal a November 23, 2022 letter from the Government advising Defendant of its intent to seek a finding that Defendant breached the plea agreement.  Presumably, the parties had an opportunity thereafter to confer on the matter prior to the Government's filing of the motion on December 14, 2022 and reached no agreement.  The Court therefore finds that the Government substantially complied with the Court's Order.

The Court finds Defendant in breach of the plea agreement.[2]  The Government therefore is relieved of any obligations it undertook in the plea agreement.

**IT IS SO ORDERED.**

---

[2] Defendant requests, and the Government does not oppose, that the Court defer any finding on whether the breach was "knowing."  Opp. at 8; Reply at 12 [Doc. # 46].  The Court accordingly does not reach that issue at this time.

There is some factual dispute over what happened during the January 27, 2022 interview and the plea negotiation process.  *See* Reply at 3–9.  The factual dispute is not relevant to this motion, and no hearing on the motion is required.  The crucial facts—that Defendant signed the plea agreement and no longer intends to plead guilty and the contents of that plea agreement—are undisputed.  Defendant does not argue that he entered into the plea agreement involuntarily.  [*See* Doc. # 45 at 5.]