BILAL A. ESSAYLI
Acting United States Attorney
JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division
JUAN M. RODRIGUEZ (Cal. Bar No. 313284)
MICHAEL J. MORSE (Cal. Bar No. 291763)
LAURA A. ALEXANDER (Cal. Bar No. 313212)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0304/7367/1019
Facsimile: (213) 894-0141
Email: juan.rodriguez@usdoj.gov
michael.morse@usdoj.gov
laura.alexander@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | No. 2:22-CR-394-DMG<br><br>GOVERNMENT'S MOTION *IN LIMINE* NO. 2 TO PRECLUDE JURY NULLIFICATION ARGUMENTS<br><br>Hearing Date: October 22, 2025<br>Time: 11:00 a.m.<br>Location: Courtroom 8C |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Juan M. Rodriguez, Michael J. Morse, and Laura A. Alexander, hereby files its motion in limine to preclude improper and inadmissible jury nullification arguments.

///

///

This motion in limine is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit. In meet-and-confer efforts, defendant indicated that he has not yet decided what evidence he will seek to introduce, and therefore opposes this motion.

Dated: September 29, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

*/s/ Laura A. Alexander*
JUAN M. RODRIGUEZ
MICHAEL J. MORSE
LAURA A. ALEXANDER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Since the inception of this case, the government has learned, through defense counsel, that defendant -- a father of four -- has minimal education, was separated from his parents at a young age, has experienced a history of exploitation (by family, friends, and human traffickers), is financially unstable, and founded a charitable organization dedicated to serving underprivileged communities. Through pretrial meet-and-confer efforts, the government inquired as to whether defense counsel intended to introduce argument or elicit any testimony at trial related to these topics, for the purpose of nullifying the jury. Defense counsel responded that defendant "has made no decisions regarding what evidence he will or will not offer," thus necessitating this motion.

Defendant should be precluded from presenting to the jury arguments designed only to nullify. First, defendant's socioeconomic status, celebrity status, familial relationships, traumatic experiences, and charitable contributions are irrelevant to the charged crimes, and thus inadmissible under Federal Rule of Evidence 401. Further, the charges in this case are felonies, and, if convicted at trial, defendant will face serious criminal, professional, and immigration consequences. But the penalties of defendant's crimes (and the mitigation-related facts discussed above) are issues for sentencing, not for trial. Put simply, these issues, which are non-exhaustive, do not bear on defendant's guilt or innocence and should accordingly be excluded from trial.

Thus, pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence, the government seeks to preclude defendant from making

any arguments (explicit or implicit), eliciting via questioning, introducing any evidence regarding, or otherwise referring to these or other improper topics, designed solely to inflame the jury, invoke their sympathy, or promote nullification. Defendant is free to argue -- zealously -- that the evidence presented at trial is insufficient to support guilty verdicts, but permitting defendant to reference any of these topics would endorse a verdict based not on the evidence, but on jury sympathy.

Though these rules of law are clear, the government submits this motion to avoid any possible confusion should this issue arise during direct examination, cross-examination, opening statement, closing argument, or attorney-conducted voir dire. Because mere mention of these issues is likely to confuse the jury and unfairly prejudice the government, such references should be excluded under Federal Rule of Evidence 403. The government therefore respectfully requests that the Court bar defense counsel from discussing these subjects.

## II. ARGUMENT

The government moves pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence to preclude argument or evidence aimed at jury nullification on such improper topics as defendant's education level, socioeconomic status, celebrity status, familial relationships, history of trauma and exploitation, charitable contributions, and the potential consequences of conviction.

### A. Defendant Has No Right to Argue or Present Evidence Related to a Nullification Defense

Defendant's education level, socioeconomic status, celebrity status, familial relationships, traumatic life experiences, and charitable contributions are all topics irrelevant to any of the

issues the jury must decide in this case. Courts routinely exclude evidence and arguments regarding such topics as it serves only to mislead, confused, and arouse the sympathy of the jury. The Court should follow suit here.

The elements of a § 1001 prosecution are simple. To prove defendant guilty, the government must prove that: (1) defendant made a false statement; (2) the statement was made in a matter within the jurisdiction of the Department of Homeland Security – Homeland Security Investigations ("HSI") and the Internal Revenue Service – Criminal Investigations ("IRS-CI"); (3) defendant acted willfully; that is, deliberately and with knowledge both that his statement was untrue and that his conduct was unlawful; and (4) the statement was material to the decisions or activities of HSI or IRS; that is, it had a natural tendency to influence, or was capable of influencing, either agency's decisions or activities. Ninth Circuit Manual of Model Criminal Jury Instructions, No. 24.10 (2022 ed.) And the elements of a § 1503 prosecution are just as simple: (1) defendant influenced, obstructed, or impeded, or tried to influence, obstruct, or impede the due administration of justice; and (2) defendant acted corruptly, or by threats or force, or by any threatening communication, with the intent to obstruct justice. Ninth Circuit Manual of Model Criminal Jury Instructions, No. 19.2 (2022 ed.).

Defendant has no right to introduce extraneous information irrelevant to the above-referenced offense elements at trial. Indeed, it is well established that a defendant has no right to present evidence that is not based on a legal defense to, or an element of, the crime charged. See Fed. R. Evid. 401; Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring).

"[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, not on jury nullification." Id. (emphasis in original); see also United States v. Thomas, 116 F.3d 606, 615 (2d Cir. 1997) ("courts have consistently recognized that jurors have no right to nullify") (emphasis in original); United States v. Funches, 135 F.3d 1405, 1409 (11th Cir. 1998) ("the potential for nullification is no basis for admitting otherwise irrelevant evidence"). And the Court may "exclude relevant evidence" if the probative value is outweighed by a "danger" of "unfair prejudice, confusing the issues, misleading the jury, undue delay," or "wasting time." Fed. R. Evid. 403. And evidence of defendant's education level, socioeconomic status, celebrity status, familial relationships, traumatic life experiences, and charitable contributions are irrelevant to the elements of the offenses charged here.

Nor does defendant have a right to a jury nullification instruction. United States v. Navarro-Vargas, 408 F.3d 1184, 1198 (9th Cir. 2005) (citing cases and noting that courts have "uniformly rejected" requests for jury nullification instructions); United States v. Blixt, 548 F.3d 882, 890 (9th Cir. 2008) (finding it proper to instruct the jury to disregard nullification argument); United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1992). Having no right to seek jury nullification, defendant has no right to make an argument or present evidence relevant only to such a defense. See United States v. Scarmazzo, 554 F. Supp. 2d 1102, 1107 (E.D. Cal. 2008) ("Neither a [d]efendant nor his attorney has a right to present evidence that is irrelevant to a legal defense to, or an element of,

the crime charged."); see also Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant." (citing Chandler v. Florida, 449 U.S. 560, 574 (1981)).

For these reasons, district courts within the Ninth Circuit have excluded arguments and accompanying inadmissible evidence aimed to elicit an emotional response from the jury. See e.g., United States v. Copeland, 291 F. App'x 94, 97 (9th Cir. 2008) (affirming district court's decision to exclude testimony regarding the specifics of the defendant's traumatic childhood abuse because it was not relevant and would have created possible prejudice to the government by nullifying the jury based on sympathy); United States v. Dresda, No. 2:16-CR-672-RGK, Dkt. 62 at 2 (C.D. Cal. Apr. 25, 2017) (excluding evidence of personal hardships, substance abuse, and other irrelevant and unfairly prejudicial evidence). Indeed, courts within this Circuit have recognized that "[e]ven if there were any limited probative value to [this type of] evidence, that value is substantially outweighed by the danger that it will confuse the issues and . . . could easily mislead the jury into thinking that such evidence ameliorates or excuses the offense . . ." United States v. Agnello, 158 F. Supp. 2d 285, 289 (E.D.N.Y. 2001). This Court should do the same here.

In short, cases should be decided on the facts and the law. And because it has no bearing on the offense, defendant should be precluded from arguing a nullification defense and presenting evidence that is only relevant to such defense.

**B. Any Argument or Testimony Related to the Consequences of a Conviction Should Be Similarly Excluded as Irrelevant, Unfairly Prejudicial, and Designed Only to Nullify**

"[I]t is inappropriate for a jury to consider or be informed of the consequences of their verdict." United States v. Frank, 956 F.2d 872, 879 (9th Cir. 1991); see Ninth Cir. Model Crim. Jury Instr. 6.22 (2022 ed.). As the Ninth Circuit explained, "'[w]hile it is permissible for the trial court to caution the jury not to be influenced by the probable consequences of their verdict, as all responsibility after the verdict is with the court, it is error for the court to put before the jury any considerations outside the evidence that may influence them, and lead to a verdict not otherwise possible of attainment.'" Frank, 956 F.2d at 879 (quoting Miller v. United States, 37 App. D.C. 138, 143 (App. D.C. 1911)). Instead, "'[t]he deliberations of the jury should revolve around the evidence before them, and should be uninfluenced by other considerations or suggestions'" because "'[t]he moment other suggestions or considerations find lodgment in their minds, that moment they stray from the path which the law has marked out, and their verdict, in consequence, does not rest solely upon the evidence.'" Id.

To that same end, "[t]he authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial." United States v. Greer, 620 F.2d 1383, 1384-85 (10th Cir. 1980). "[T]he punishment provided by law for offenses charged is a matter exclusively for the court and should not be considered by the jury in arriving at a verdict as to guilt or innocence." United States v. McCracken, 488 F.2d 406, 423 (5th Cir. 1974). Accordingly, "[i]t is axiomatic that it is the exclusive function of juries to determine whether defendants are guilty, and of the court to

determine matters of punishment." United States v. Davidson, 367 F.2d 60, 63 (6th Cir. 1966). "To inform the jury that the court may impose a minimum or maximum sentence. . . or other matters relating to disposition of the defendant, tend to draw the attention of the jury away from their chief function as sole judges of the facts, open the door to compromise verdicts and to confuse the issue or issues to be decided." Pope v. United States, 298 F.2d 507, 508 (1962).

Considering these unequivocal authorities, "it is the practice in the federal courts to instruct juries that they are not to be concerned with the consequences to the defendant of the verdict, except where required by statute." Frank, 956 F.2d at 879; accord Rogers v. United States, 422 U.S. 35, 40 (1975). To that end, juries are instructed that "[t]he punishment provided by law for this crime is for the court to decide" and the jury "may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt." Ninth Cir. Model Crim. Jury Instr. 6.22 (2022 ed.).

Here, defendant faces serious professional, criminal, and immigration-related consequences. Indeed, if convicted, defendant may be prohibited from playing in Major League Baseball, subject to a prison sentence of up to 15 years, and subject to denaturalization proceedings. Thus, any Court instruction to the jury to avoid consideration of punishment will be for naught if defense counsel brings these issues to the jury's attention through questioning, opening and closing arguments, or comments in attorney-conducted voir dire. The only purpose for such comments would be an "attempt[] to serenade [the] jury with the siren song of nullification." Sepulveda, 15

F.3d at 1190. Such efforts would be improper, because "[j]ury nullification . . . is to be viewed as an 'aberration under our system.'" United States v. Bruce, 109 F.3d 323, 327 (7th Cir. 1997).

Here, the jury's role at trial is limited to determining defendant's guilt or innocence of the crimes charged in the First Superseding Indictment. Highlighting that the charges are federal felonies or alluding to the consequences of defendant's conviction would only invite the jury to decide its verdict on an inappropriate ground. Accordingly, this Court should prohibit defense counsel from doing so.

**III. CONCLUSION**

Because "trial courts have the duty to forestall or prevent [jury nullification]," United States v. Thomas, 116 F.3d 606, 616 (2d Cir. 1997), the government respectfully requests that this Court exclude all reference, evidence, and argument at trial regarding the irrelevant and unfairly prejudicial topics outlined in this motion.

Dated: September 29, 2025

Respectfully submitted,

BILAL A. ESSAYLI
Acting United States Attorney

JOSEPH T. MCNALLY
Assistant United States Attorney
Acting Chief, Criminal Division

*/s/ Laura A. Alexander*
JUAN M. RODRIGUEZ
MICHAEL J. MORSE
LAURA A. ALEXANDER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA