DECLARATION OF JUAN M. RODRIGUEZ

I, Juan M. Rodriguez, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I have been assigned to represent the government in <u>United States v. Yasiel Puig Valdes</u>, CR 22-394-DMG.

2. The parties have met and conferred and anticipate filing a stipulation to continue the trial date to January 20, 2026.

3. The government has retained its own rebuttal mental condition expert to meet defendant's expert mental condition evidence, which defendant noticed on September 29, 2025.

4. Through meet-and-confer efforts, the parties have agreed that the government's expert may conduct a mental evaluation of defendant on October 23, 2025. Specifically, despite the government's expert's request for a two-day evaluation with no limitations on his evaluation techniques, including his interview questions, the government yielded to defendant's request for a one-day evaluation limited in scope to the evaluation conducted by defendant's expert, <u>i.e.</u>, without reference to defendant's January 2022 interview. The government further agreed, at defendant's request and against the expressed preferences of its own expert, to videorecord the interview portion of its expert's evaluation of defendant. The government will make this recording available to defendant.

5. Through meet-and-confer efforts, defense counsel has represented that they require a third-party defense "observer" to be present during the interview portion of the government's expert's evaluation. According to defense counsel, a defense "observer" is

25

required to protect defendant's Fifth and Sixth Amendment rights, and defendant has no obligation to produce testing data or related expert discovery.

6. To reach agreement with defense counsel with respect to the parameters of the government's expert's evaluation, I have been in frequent contact with the government's expert to determine both his expectations for any mental evaluation that he performs, and what practices and procedures are consistent with industry standards for the field of neuropsychology. The government's expert relayed to me that he needs to review: (1) any reports, notes, summaries, or other way that the defendant's expert may have memorialized her evaluation of defendant; (2) all materials and information that defendant's expert reviewed prior to her evaluation of defendant, and to form her opinion(s); and (3) the defense expert's testing materials and any related scoring sheets to determine whether he agrees or disagrees with her interpretation of the test results.

7. The government's expert further relayed that he needs this information and material one week prior to his examination of the defendant. Thus, if the government's expert were to evaluate defendant on October 23, 2025, as the parties have agreed, the government's expert would need these materials no later than October 16, 2025.

8. On October 4, 2025, defense counsel represented that defendant will produce Rule 16 disclosures related to his mental condition expert on October 16, 2025. However, defense counsel has also represented, through meet-and-confer efforts, that they do not believe these disclosures include any expert report (as, according to

26

defense counsel, their expert did not create a report), or the production of its expert's testing data.

9. After the defendant filed his FRCP 12.2(b) notice (Dkt. 15) on September 29, 2025, the government requested defendant's Rule 16 expert disclosures for any and all experts defendant intends to call in his case-in-chief, most recently through the government's expert disclosure. Through meet and confer efforts, defense counsel has taken the position that an FRCP 12.2(b) notice only triggers FRCP 16 disclosures for experts related to FRCP 12.2, i.e., mental condition experts.

10. Attached hereto as **Exhibit 1** is a true and correct copy of "Presence of Third Party Observers During Neuropsychological Testing: Official Statement of the National Academy of Neuropsychology," by Bradley Axelrod, et al., dated July 1, 2000. The government's expert has informed me that a third party observer would so drastically affect the integrity of his evaluation that he would be required to recuse himself as an expert if this Court orders that a third party observer be present.

11. Attached hereto as **Exhibit 2** is a true and correct copy of "Update on Third Party Observers in Neuropsychological Evaluation: An Interorganizational Position Paper," by Tannahill Glen, dated March 9, 2021.

///
///
///

12. Attached hereto as **Exhibit 3-6** are true and correct copies of the criminal standing orders of Honorable Fernando L. Aenlle-Rocha, the Honorable Cynthia Valenzuela, the Honorable Stanley Blumenfeld, Jr., and the Honorable Fernando M. Olguin, respectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on October 9, 2025.

                                  */s/ Juan M. Rodriguez*

                                  JUAN M. RODRIGUEZ
                                  Assistant United States Attorney