Keri Curtis Axel (Bar No. 186847)
 kaxel@waymakerlaw.com
Jose R. Nuño (Bar No. 312832)
 jnuno@waymakerlaw.com
Riley P. Smith (Bar No. 337598)
 rsmith@waymakerlaw.com
Viviana Andazola Marquez (Bar No. 354307)
 vandazolamarquez@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Defendant*
*Yasiel Puig Valdes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YASIEL PUIG VALDES,<br><br>Defendant. | Case No. CR 22-394-DMG<br><br>**DEFENDANT YASIEL PUIG'S OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE AN ENTRAPMENT DEFENSE** |

## I.   INTRODUCTION

This Court should deny the government's motion *in limine* to exclude an entrapment defense, as improper and premature. (*See* Dkt. No. 210 ("MIL No. 6").)

As it has informed the government many times before, the defense has not decided whether it seeks to invoke an entrapment defense, and to the extent it will, it is not obligated to make a pretrial disclosure. The Ninth Circuit is clear that evidence supporting a defense of entrapment, and thus a jury instruction on the same, can be elicited through the government's case-in-chief. *See United States v. Poehlman*, 217 F.3d 692, 698 (9th Cir. 2000) ("to raise entrapment… [d]efendant need not present the evidence himself; he can point to such evidence in the government's case-in-chief, or extract it from cross-examination of the government's witnesses. The burden then shifts to the government to prove beyond a reasonable doubt that defendant was not entrapped.") On this basis alone, the government's motion can and should be denied.

But even if that was not the case,, the government's request is improper because it seeks to preclude an entire defense based on a purported dearth of evidence demonstrating entrapment, without including any support for its request like a declaration. For example, the government baldly asserts that "defendant cannot make a prima facie showing for an entrapment defense because there was no government action in the first place" and then simply represents when, in its view, purported witnesses became government agents. (*See* MIL No. 6 at 5.) Such a showing is insufficient to deprive Puig of the opportunity to present a defense of entrapment at this stage. Puig reserves all rights to present an entrapment defense at trial should it become apparent one is available during trial.

II.     ARGUMENT

    A.     **Puig is Entitled to Elicit Evidence for a Jury Instruction on Entrapment Through the Government's Case-in-Chief**

"It is well-settled that a criminal defendant is entitled to a jury instruction 'on any defense which provides a legal defense to the charge against him and which has some foundation in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility.'" *United States v. Sotelo-Murillo*, 887 F.2d 176, 178 (9th Cir. 1989). With respect to the defense of entrapment, "[a] defendant is entitled to an entrapment instruction if he or she can present some evidence that (1) a government agent induced him or her to commit an illegal act that (2) he or she was not predisposed to commit." *Id.* at 179.

The government asserts that Puig has to make a "prima facie showing that he is eligible for the [entrapment] defense." (MIL No. 6 at 4 citing *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010).) But the government's citation to *Schafer* is misleading and inapposite. *Schafer* dealt with the entrapment *by estoppel* defense which has different elements and places the burden on the defendant to prove the "unintentional entrapment by an official who mistakenly misleads a person into a violation of the law[.]" *Id*. ("An entrapment by estoppel defense is "available only when [the] defendant can demonstrate a reasonable belief that his conduct was sanctioned by the government."); *see also United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004) ("A defendant has the burden of proving entrapment by estoppel.")

To that end, unlike other affirmative defenses, the Ninth Circuit has made clear that a "defendant [does not] have to present evidence to support the entrapment defense; rather, the defendant may rely on evidence presented by the government." *United States v. Gomez*, 6 F.4th 992, 1001-02 (9th Cir. 2021). Indeed, even when a criminal defendant does not introduce "affirmative evidence of entrapment," the defendant "may nevertheless be entitled to a jury instruction on that defense

should the government's evidence justify such an instruction" *See United States v. Gurolla,* 333 F.3d 944, 956-957 (9th Cir. 2003).

Nor does "[a] defendant need [to] inform the court of his intent to invoke an entrapment defense." *Gomez*, 6 F.4th at 1001. The entrapment defense has no notice requirements, unlike the entrapment by estoppel defense, whose notice requirements are provided by Federal Rule of Criminal Procedure 12.3. "[W]hen our rules and precedents don't require the defendant to give notice, he's entitled to remain silent as to what defense he will present, and the government must anticipate any issues he might raise." *United States v. Hernandez-Meza*, 720 F.3d 760, 765 (9th Cir. 2013). Thus, the defense does not have reveal to government of any intent to assert such a defense before seeing the government's case-in-chief, and Puig should not be prematurely foreclosed from asserting any defenses that may be reasonably available to him.

**B.    Puig Reserves the Right to Assert an Entrapment Defense at Trial**

The government asserts primarily that "defendant cannot make a prima facie showing for an entrapment defense because there was no government action in the first place." (MIL No. 6 at 5.) In doing so, the government notes that "Individual B and Kadokawa were private citizens and not government agents" at the time of Puig's interview, and thus no prima facie showing of entrapment can be made. (*Id.*) Of course the government provides no evidence, such as a sworn declaration, to support this representation, and the establishment of those facts should be reserved for trial.

For the avoidance of doubt, the defense does not currently intend to make this case about entrapment given the parties' current understanding of the timeline and record. However, through other filings in this case, the government has made clear that Donny Kadokawa and a person referred to as Individual B in the First Superseding Indictment may be called as witnesses in its case-in-chief, in which case the defense should be entitled to cross-examine the witnesses on their roles as

government agents and the timeline thereof. Accordingly, Puig reserves all rights to assert an entrapment defense at trial.

### III. CONCLUSION

For the foregoing reasons, Puig respectfully requests that this Court deny MIL No. 6.

DATED: October 27, 2025          WAYMAKER LLP


By: _____
KERI CURTIS AXEL
JOSE R. NUÑO
RILEY P. SMITH
VIVIANA ANDAZOLA MARQUEZ
*Attorneys for Defendant Yasiel Puig Valdes*